SUMMARY ORDER
Plaintiff-appellant John Valentin appeals from a judgment of the district court, entered following a jury verdict in favor of defendants-appellees, that found police officers did not use excessive force in their arrest of Valentin. We assume the parties’ familiarity with the facts of the case, its procedural history, and the issues on appeal.
Valentin challenges the district court’s denial of his motion to preclude the defense expert’s testimony based on Federal Rule of Civil Procedure 37(c). A district court’s decision whether to sanction a party pursuant to Rule 37 is reviewed for abuse of discretion. See Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir.2006). Rule 37(c) provides that a party who “fails to ... identify a witness as required by Rule 26(a) or (e) ... is not allowed to use that ... witness to supply evidence ... at a trial, unless the failure was substantially justified or is harmless.” Fed.R.Civ.P. 37(c)(1). However, Rule 37(c)(1) allows a district court, “instead of this sanction,” to “impose other appropriate sanctions.” Id; see also Design Strategy, Inc. v. Davis, 469 F.3d 284, 298 (2d Cir.2006). The district court recognized that defendants’ late disclosure of their expert violated its expert discovery deadline. But rather than preclude the testimony, the court opted to impose the lesser sanction of requiring defendants to produce their expert for a deposition at Valentin’s request. The court’s decision to impose a less drastic sanction than preclusion was within its discretion. It was Valentin’s choice to decline the opportunity to take the deposition prior to the expert’s offering his testimony at trial.
*663 Valentin next argues that the district court’s admission of the defense expert’s testimony on the cause of his ankle fracture was an abuse of discretion because the testimony of the expert, an orthopedist, was unreliable. The district court is “assigned] ... the task of ensuring that an expert’s testimony both rests on a reliable foundation and is relevant to the task at hand.” Daubert v. Merill Dow Pharms., Inc., 509 U.S. 579, 597, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). However, Valentin did not raise any objection to admission of the defense expert’s testimony before the district court as required by Fed.R.Evid. 103(a)(1). We therefore consider this argument waived. See, e.g., Baker v. Dorfman, 239 F.3d 415, 423 (2d Cir.2000) (holding that an argument not raised below is ordinarily waived); cf. Nimely v. City of New York, 414 F.3d 381, 397 n. 12 (2d Cir.2005) (concluding that the plaintiff did not waive his Datibert challenges because he brought a “motion in limine [that] clearly raised the issues both of [the expert’s] qualification ... and of the scientific reliability of the testimony itself’). While we are permitted, even in the absence of objection, to “tak[e] notice of plain errors affecting substantial rights,” Fed.R.Evid. 103(d), Valentin’s objections, which go to the credibility rather than the admissibility of the defense expert’s testimony, do not persuade us that it was plain error, or indeed error at all, for the district court to allow the testimony.
At oral argument, Valentin withdrew his appeal of the denial of his Rule 50 motion. Valentin argues that the district court erred in denying his Rule 59 motion. We review an order denying or granting a Rule 59 motion for a new trial for abuse of discretion. Kosmynka v. Polaris Indus., Inc., 462 F.3d 74, 82 (2d Cir.2006). We have stated that an attorney’s arguments during summation will warrant a new trial “only if counsel’s conduct created undue prejudice or passion which played upon the sympathy of the jury.” Matthews v. CTI Container Transp. Int’l Inc., 871 F.2d 270, 278 (2d Cir.1989). There is no basis for concluding that defense counsel’s references to Valentin’s prior convictions, which Valentin readily discussed in his own testimony and to which Valentin offered no objection at the time, created undue prejudice or passion that inflamed the jury. We have considered Valentin’s remaining arguments and find them to be without merit.
For the foregoing reasons, the judgment of the district court is AFFIRMED.